HENRY R. SMITH, Garnishee, d. b. a., *vs.* JOHN W. HOOPES, and ISAAC W. HOOPES, trading as J.W. HOOPES & SONS, p. b. r.

### *Case Stated—Priority of Wages over Rent—Attachment.*

1. Under the statute (Chap. 147, Vol. 16, L. of D.), claims for wages of employes have priority over distress for rent.

2. There can be no sale of goods distrained for rent, except by a public officer.

3. Where the goods of a tenant are sold under a distress for rent, and there are wages due his employes and also an execution of another party, the proceeds of such sale should be applied, (1) to wages, (2) to rent; (3) the surplus to the execution.

*(January 3, 1898.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*Hugh C. Browne* for H. R. Smith, Garnishee.
*John P. Nields* for J. W. Hoopes & Sons.

Superior Court, New Castle County, November Term, 1897. (Appeal; No. 199 to Feb. T., 1897)..

A CASE stated was filed in the cause December 18th, 1897, the facts of which fully appear in the opinion of the Court.

*Mr. Nields*—1. To satisfy the rent and costs, the constable is only authorized to sell the property distrained to an amount equal to the rent and costs. After selling to the amount of rent and costs, the surplus of the proceeds of sale under the distress in this case are applicable to the attachment and not to wages.

Under a distress the constable cannot sell the goods distrained in satisfaction of both wages and rent. This is clear from the nature of the remedy of the distress. It is a summary remedy peculiar to the relation of landlord and tenant. It will lie for a single form of indebtedness, viz.: rent, and is incident to one form of contract, viz.: a demise. It is an extraordinary method of seizing and selling a tenant's property to satisfy rent.

It appears from the nature of the distress that it is a remedy for the recovery of rent only. The bailiff can distrain for rent in arrears and nothing more. The law contemplates that the goods

distrained shall correspond in money value to the amount of rent in arrear. An excessive distress is illegal. The sale by the constable is confined to the goods distrained. A remedy designed for the satisfaction of rent alone affords no authority for the satisfaction of wages or any other claim in addition thereto. The distress in this case authorized the sale of the property distrained to the amount of $120 and the costs of sale. It did not authorize the sale of the property distrained for the claim of $85 wages and $120 rent in arrear and costs. The proceeds of sale over and above the $120 in arrear and costs must be regarded as surplus to be refunded to the owner or otherwise applied according to law.

2. The wages cannot be deducted from the "surplus" arising from the proceeds of sale after satisfying the rent and costs of sale.

The act to prefer Wages of Employes in Case of Execution and Assignment (Code 1893, page 817), provides:

"All debts or claims for labor or services * * * shall be a first lien on all the real and personal property of such employer or employers, and shall be the first to be satisfied out of the proceeds of the sale of such · property whether made by an officer or assignee of such employer or employers or otherwise."

The statute says, "shall be the first to be satisfied out of the proceeds of sale of such property." The statute does not say and cannot be construed to mean that the rent shall be the first to be satisfied out of the proceeds of the sale and wages shall be the second to be satisfied out of the proceeds of the sale. That would be in express violation of the terms of the statute. You have a case where a preference must be allowed or the claim for wages cannot be set up. Either the claim for wages must be paid out of the $120, or the claim must be disallowed altogether. Or rather the claim for wages must first be paid out of the proceeds of sale under the legal process of distress, or the claim for wages must be disallowed altogether.

January 3rd, 1898, the Court rendered the following decision:

SPRUANCE, J:—This is a case stated. The facts are substantially these: J. W. Hoopes & Sons on August 4th, 1896, re-

covered before a Justice of the Peace a judgment against Joseph E. Stewart for $152.75, besides costs, and execution was issued thereon on August 15th, 1896, under which a levy was made on all the goods of said Stewart. On December 11th, 1896, Henry R. Smith, as bailiff of John Cook, the landlord of Stewart, distrained the said goods for $120, rent in arrear, being rent for less than one year. On December 22nd, 1896, the said Smith, being a constable, sold said goods under said distress for $177.25.

Before the said sale VanArsdalen & Hicken made affidavits setting forth that they were clerks employed by said Stewart, and that $40.00, being one month's wages, was due VanArsdalen and that $45.00, being one month's wages, was due to Hicken, which affidavits were placed in the hands of the said constable.

It is agreed that these amounts were due to said employes for wages.

On December 22nd, 1896, upon the sale of the goods of Stewart by Smith the constable, and while said $177.25, the proceeds of the said sale were in his hands, an attachment was issued upon said judgment of Hoopes & Sons, and the said Smith was summoned as garnishee of Stewart.

The plaintiffs refused to receive the answer of the garnishee and a plea of *Nulla bona* was entered, and judgment was rendered against the garnishee for the sum of $46.95, being the balance of $177.25 the proceeds of said sale after deducting the said sum of $120 rent, and the sum of $10.30 costs. From this judgment of $46.95, said Smith, constable and garnishee as aforesaid, appealed to this Court.

It was contended on behalf of the plaintiff that the distraint in this case was excessive, and that there is a difference in this respect between the right of a landlord distraining for rent, and the right of an officer levying under an execution.

We think that there is no such difference.

An officer having an execution in hand is not justified in making an excessive levy, nor is a landlord justified in making an excessive distraint, but what is an excessive levy or distraint de-

pends upon circumstances, and if in either case there are prior liens to be paid the amount which may be properly seized is increased.

In this case the distraint was not only not excessive but was not sufficient for the payment of the rent.

The only material question before us is: whether wages of employes are entitled to priority over rent under Chap. 147, Vol. 16, of the Laws of the State.

Section 1 of this act provides as follows :

"That from and after the passage of this act all debts or claims that may become due or growing due for labor or services rendered by any mechanic, laborer, clerk or other employe or any person or persons, chartered company or association employing laborers, clerks or mechanics in any manner whatsoever, shall be a first lien on all the real and personal property of such employer or employers, and shall be the first to be satisfied out of the proceeds of the sale of such property, whether made by an officer or an assignee of such employer or employers or otherwise."

Then follow provisions limiting the lien to one month's wages, and the amount to $50.00.

The language of this statute, applied in its broadest sense, might be extremely dangerous, but a much more limited construction is sufficient for the purposes of this case. This sale was made by a public officer. The landlord may distrain personally or by his bailiff, but the sale of the goods distrained must be made by a public officer, namely a sheriff or a constable. This sale comes within the express terms of the act.

We have no doubt that under the statute, claims for wages have priority over claims for rent.

That being the case, the first application of the fund in the hands of the constable should be to the payment of the wages, amounting to $85.00. Taking that from the $177.25, the proceeds of the sale, there will not be enough to pay the $120 rent, and there will be nothing in the hands of the constable applicable

to any execution under the judgment of Hoopes & Sons.

Judgment is therefore rendered in favor of Smith, the defendant below appellant.